IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SIDNEY CAMILLE ALGEE, Individually, and as Daughter and for the heirs at law of Robert Lee Algee, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>BOMBARDIER RECREATIONAL PRODUCTS, INC.,<br><br>    Defendant. | Case No. 1:23-cv-01191-JDB-jay |

ORDER DENYING SECOND MOTION FOR EXTENSION OF TIME

Before the Court is the second motion of Plaintiff, Sidney Camille Algee, for an extension of time of 60 days for all deadlines in the scheduling order. (Docket Entry ("D.E.") 41.) Defendant has responded in opposition. (D.E. 45.) For the following reasons, the motion is denied.

**BACKGROUND**

On October 10, 2023, United States Magistrate Judge Jon A. York issued a scheduling order requiring Algee to disclose her expert information under Federal Rule of Civil Procedure 26(a)(2) no later than March 1, 2024. (D.E. 15.) Plaintiff failed to comply with that deadline. (D.E. 22 at PageID 78.) Nevertheless, the parties jointly moved to amend the scheduling order to permit Algee to disclose her expert by April 1, 2024. (*Id.* at PageID 79.) The Court granted that relief on March 14. (D.E. 23.) Thereafter, Plaintiff again moved—on April 1—to extend the expert disclosure deadline by 60 days. (D.E. 28.) Ultimately, the parties agreed to allow an extension with additional stipulations regarding the scope of any further expert investigation. (D.E. 32, 33, & 34.) The new deadline for Plaintiff's expert disclosure, therefore, was June 1.

(D.E. 34.) On May 31, Algee moved for another extension in the instant motion (D.E. 41), which Defendant opposes (D.E. 45.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's deadlines." *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Necessarily included in this determination is "the potential for prejudice to the non-moving party." *Id.* at 272–73 (citing *Inge*, 281 F.3d at 625). District courts have "wide discretion to manage their own dockets and to decide issues which have consumed considerable resources[.]" *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

## ANALYSIS

Algee argues that good cause exists to warrant another 60-day extension. (D.E. 41.) Specifically, she alleges five grounds for good cause. (*Id.*) First, the parties conducted a second inspection of the subject vehicle on May 16 but the experts were unable to download all the "black box" data because they could not start the vehicle. (*Id.* at PageID 171.) Second, while Plaintiff's expert did download partial black box data on May 16, that information was incomplete, so the expert needs to download the remaining data. (*Id.*) Third, the data that was recovered showed a "high voltage error" that requires additional investigation to determine if this error was a cause or contributing factor to the motor vehicle accident. (*Id.*) Fourth, Algee's expert now believes that the tires may have contributed to the accident; as a result, Plaintiff needs to retain a tire expert to

conduct an additional inspection. (*Id.* at Page 172.) Lastly, Algee's economic expert needs Decedent's income tax records to complete a report, and, although Plaintiff has requested that information, she has yet to receive it. (*Id.*)

Defendant responds that Algee has shown no regard for this Court's scheduling order, is seeking a "do-over opportunity on her theories of defect," and that it would be prejudiced if Plaintiff's deadline was extended. (D.E. 45.) As to Algee's disregard for the Court's order, Bombardier highlights that Plaintiff failed to meet the original deadline, moved to extend the deadline previously on the due date, and waited until May 13 to attempt to schedule an inspection this time. (*Id.* at PageID 246.) Furthermore, rather than trying to set another inspection before June 1 after the May 16 examination, Algee waited until May 31 to move for yet another extension. (*Id.*) Regarding the Plaintiff's attempt to revise its theory of defect, Defendant notes that it agreed to the last extension on the basis that any future investigation would focus on the seatbelt, not the tires or a high voltage error. (*Id.* at PageID 247–48.) It appears to Bombardier that Plaintiff's expert is merely grasping at straws for any new potential theory at this late juncture because the original basis of liability is untenable. (*Id.*) Finally, Defendant asserts that it will be prejudiced if the Court grants an extension because it will permit Plaintiff to change a theory of liability at the end of discovery, thereby forcing Bombardier to "keep guessing what Plaintiff's theory of defect in this case." (*Id.* at PageID 249.) Finally, Bombardier submits that "the rules do not allow Plaintiff to claim a specific defect and then engage in a fishing expedition to create a new or different defect when the original defect claimed does not pan out." (*Id.*) Because Defendant's position is well-taken, Plaintiff's motion will be denied.

The record in this case demonstrates that Algee has failed to diligently attempt to comply with this Court's scheduling order, despite two prior extensions of that order. At this point,

3

Plaintiff has failed to meet the original deadline (D.E. 22), moved for an extension on the day of the first amended deadline (D.E. 28), and then moved for an extension on the day before the latest deadline (D.E. 41). That is not diligence.

Moreover, Algee's own statements evidence her neglect to timely prosecute this case. (D.E. 41 at PageID 171.) Plaintiff admitted that her expert conducted an unsuccessful inspection on May 16. (*Id.*) That was more than two weeks before the current disclosure deadline. (*Id.*) Yet, despite knowing that another inspection would be necessary, Algee waited more than two weeks before seeking relief. (*Id.*) Accordingly, Plaintiff has failed to exercise "diligence in attempting to meet the case management order's deadlines." *See Great Lakes Grain, LLC*, 988 F.3d at 272 (quoting *Inge*, 281 F.3d at 625).

Finally, granting an extension would prejudice Defendant. *See id.* at 272–73. Bombardier removed this lawsuit to this Court on September 8, 2023 (D.E. 1), and in the report of the Rule 26(f) planning meeting on September 26, the parties indicated that all discovery could be completed by May 1, 2024, and that Plaintiff's expert disclosures would be due March 1. (D.E. 10.) If the undersigned granted the instant motion, Plaintiff's disclosures would not be due until August 1, which is five months after the date to which Algee previously agreed. (*Id.*)

Beyond the unnecessary delay, Plaintiff's attempts to expand the theories of defect at this late juncture are improper and prejudicial to Defendant. Nowhere in her complaint did Algee indicate that a "high voltage error" or the tires may have caused this accident. (D.E. 1-2.) While she may have been able to amend her pleadings to add that theory if she had efficiently prosecuted this action, that did not occur. Instead, nearly three months after the initial deadline for expert disclosures to which she agreed (D.E. 10), Plaintiff now seeks to pursue additional theories for which Bombardier had no notice during discovery (D.E. 41). To permit such an expansion of the

4

scope of this case now would hinder Defendant's ability to discover information and materials to defend against these allegations. If Plaintiff wished to raise these claims, she had ample time to do so before the eleventh hour.

## CONCLUSION

Therefore, Algee has not diligently complied with this Court's case management deadlines, and granting an additional extension of time now would prejudice Bombardier. *See Great Lakes Grain, LLC*, 988 F.3d at 272–73. Thus, an extension is not warranted by good cause. Fed. R. Civ. P. 16(b)(4).

Accordingly, for the foregoing reasons, Plaintiff's motion (D.E. 41) is DENIED.

IT IS SO ORDERED this 24th day of June 2024.

                                                                   s/ J. DANIEL BREEN
                                                           UNITED STATES DISTRICT JUDGE